| | |
|---|---|
| STELLA CAMPBELL and <br> SUSAN DURON, <br><br> Plaintiffs, <br><br> v. <br><br> EDWARD R. HALL, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 2:06-CV-127 JVB <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment [DE 21] and Defendant's Cross Motion for Summary Judgment [DE 31]. On March 17, 2009, the Court issued an Opinion and Order denying Plaintiffs' Motion for Summary Judgment as to (1) the amount of the debt; (2) the further communications claim; and (3) the thirty-day debt validation issue. The Court granted Defendant's Cross Motion for Summary Judgment on these claims. The Court withheld judgment on (1) the bona fide error defense and (2) the question of the literally false statements.

The Court allowed Defendant forty-five days to file "any documentation needed to demonstrate that he does, in fact, maintain procedures reasonably adapted to avoid violating the [Fair Debt Collection Practices Act]" on the bona fide error defense. (DE 58 at 18). Additionally, the Court allowed Plaintiffs forty-five days to file supplemental briefing on the question of the literally false statements if they wished to pursue the claim. Defendant provided this

documentation on May 28, 2009 [DE 63], with a supplemental filing on June 26, 2009 [DE 65].[1]
Likewise, Plaintiffs filed their supplemental briefing regarding their literally false statements claims on May 29, 2009 [DE 64], with a supplemental filing on September 3, 2009 [DE 66].

On April 27, 2010, the Court issued an Order [DE 72] allowing further briefing on the issue of whether the bona fide error defense applies to Defendant, in light of the United States Supreme Court's ruling in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605 (2010). Plaintiffs filed supplemental briefing on this issue on May 14, 2010 [DE 73]. Defendant did not file any supplemental briefing on the bona fide error defense issue.

A. **Background and Facts**

Defendant is an attorney licensed to practice law in the State of Indiana and has his principal place of business in Lake County, Indiana. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA. Defendant was retained by Payday Today, a small loan lender, or "payday lender," concerning the collection of two payday loans, one to Ms. Campbell and one to Ms. Duron.

Plaintiffs are "consumers" as defined by 15 U.S.C. § l692a(3) of the FDCPA. Plaintiffs' transactions with Payday Today were primarily for personal, family, or household purposes.

On July 9, 2005, Ms. Campbell took out a loan with Payday Today in the amount of $230. Ms. Campbell's loan was to be paid off on July 23, 2005, and she postdated a check in the amount of $230 to Payday Today as security for the loan. When Payday Today

---

[1]The parties requested, and were granted, an extension of time to file their supplemental responses, explaining why they did not file their supplemental responses within forty-five days of the Opinion and Order.

deposited Ms. Campbell's check on July 25, 2005, the check was returned to Payday Today marked "NSF" for non-sufficient funds. Ms. Campbell defaulted on her loan, and Defendant sent her a debt collection letter on December 1, 2005. Because Ms. Campbell did not repay the loan, Defendant filed suit against her on January 13, 2006. A hearing was scheduled for February 14, 2006, and, on that day, Ms. Campbell entered into an Agreed Judgment. In the Agreed Judgment, Ms. Campbell admitted to defrauding a financial institution and agreed to pay a judgment of $1,302.91, which included a voluntary wage assignment of $50 every two weeks until the judgment was paid in full.

Ms. Duron took out a loan with Payday Today in the amount of $230 on August 25, 2005. Ms. Duron's loan was to be paid off on September 10, 2005, and she postdated a check in the amount of $230 to Payday Today as security for the loan. However, when Payday Today deposited Ms. Duron's check on September 12, 2005, the check was returned to Payday Today marked as "Refer to Maker." Because Ms. Duron defaulted on her loan, Defendant sent her a debt collection letter on March 6, 2006. After receiving the letter, Ms. Duron sent an email to Defendant stating that she had filed bankruptcy in October 2005, and the bankruptcy was discharged on February 6, 2006. Defendant took no further action against Ms. Duron.

The December 1 and March 6 collection letters Ms. Campbell and Ms. Duron received state in pertinent parts:

> RE: DISHONORED CHECK TO Payday Today Inc./Merrillville
>
> Please be advised that this office has been retained to represent the above lender with respect to a small Loan Agreement . . . This lender accepted your check as security for a loan in the amount of ($230.00). The agreement called for your check to be cashed pursuant to the terms of the loan agreement, if you had

not previously made arrangements to satisfy the loan. You have failed to make payment to the lender as agreed, and upon presentation, the banking institution on which it was drawn did not honor your check. You have been previously notified by the lender of your returned check and have taken no action to resolve this matter.

　　　　IF YOU WANT TO RESOLVE THIS MATTER WITHOUT A LAWSUIT, now is the time for action. To do so you must pay the following amounts: (1) the full amount of the check plus, (2) a $20.00 returned check fee, and (3) attorney fees of $300.00. This payment must be in the form of a cashiers check or money order payable to Attorney Edward R. Hall. If you fail to pay in full the amount due within ten days from the date of this letter, we may file suit immediately, in which you may be liable for the following amount under I.C. 24-4, 7-5 et seq: (1) the amount of the check, (2) a twenty dollar returned check fee, (3) court costs, (4) reasonable attorney fees, (5) all other reasonable costs of collection, (6) [t]hree times (3x) the amount of the check if the face amount of the check was not greater than $250.00, or (7) if the face amount of the check was $250.[00] or more, the check amount plus five hundred dollars ($500.00) and pre-judgment interest at the rate of 18% per annum.

　　　　IF YOUR CHECK WAS PRESENTED TO THE LENDER IN ANY FRAUDULENT MANNER (which is determined by the Court) you could be liable for the following amounts under I.C. 35-43-5-8: (1) [t]hree times the amount of the check, (2) [p]re-Judgment [i]nterest at the rate of [e]ighteen [p]ercent (18%) per annum, (3) a twenty dollar returned check fee, (4) court costs, (5) [a]ttorney fees, and (6) [t]hree times (3x) the amount of the check if [sic] the face amount of the check.

　　　　If suit is filed and a judgment is obtained against you, the lender may collect said judgment by having the sheriff seize and sell any non-exempt real or personal property of yours or by garnishment of non-exempt wages or other amount that other people owe you. Additionally, the lender may report your default and the amount of this judgment to applicable credit reporting agencies.

　　　　IF YOU DISPUTE THIS DEBT, or any portion thereof, you must notify this office in writing of that fact within 30 days of this letter. Exercising this option will not necessarily prevent legal [a]ction from being taken during the 30-day period. This debt will be assumed to be valid under the law unless you so dispute the debt. If you do dispute the debt, this office will obtain verification of the debt and mail such verification to you. To avoid the penalties and consequences stated herein you must contact the law office of Edward R. Hall to discuss your outstanding balance. Please ask for the collection department.

> Please Govern Yourself Accordingly.
>
> Sincerely,
> COLLECTION DEPARTMENT
> Law Office of Edward R. Hall
>
> This is an attempt to collect a debt, and any information obtained will be used for the purposes of assisting in the collection of said debt.

(Compl., Exs. A & B.) Subsequently, Plaintiffs sued Defendant for violating the Fair Debt Collection Practices Act ("FDCPA"), claiming that this letter violated the Act.

**B.     Summary Judgment Standard**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628.. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**C.     Analysis**

**(1)     Bona Fide Error Defense**

Plaintiffs contend that Defendant violated § 1692g(a)(3) of the FDCPA by requiring that disputes regarding the validity of their debts be made in writing. First, Plaintiffs maintain that the language used by Defendant in his debt collection letters, stating, "If you dispute this debt, or any portion thereof, you must notify this office in writing of that fact within 30 days of this letter," violates § 1692g(a)(3) because this section does not require that a debtor dispute the validity of a debt in writing. The Court determined in its previous Opinion and Order [DE 58] that Defendant's debt collection letter violated § 1692g(a)(3) insofar as it requires that the debt be disputed in writing.

Defendant argues, however, that even if he misinterpreted § 1692g(a)(3) to require written notice of a disputed debt, it was a bona fide error. Title 15 U.S.C. § 1692k(c) shields debt

6

collectors from liability under the FDCPA if they can show that their violation was a bona fide error:

> A debt collector may not be held liable in any action brought under this title . . . if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Since Defendant misinterpreted the legal requirements of § 1692g(a)(3), the bona fide error defense is only available to him if a mistake of law is encompassed by the § 1692k(c) bona fide error defense.

Unfortunately for Defendant, mistakes of law are not covered by the bona fide error provision in the FDCPA. Recently, the United States Supreme Court expressly held that mistakes of law do not entitle defendants to FDCPA's bona fide error defense: "We . . . hold that the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of the statute." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1624 (2010). Accordingly, Plaintiffs are entitled to summary judgment on their claim that Defendant violated 15 U.S.C. § 1692g(a)(3).

Additionally, Plaintiffs allege that, by requiring Plaintiffs to dispute their debts in writing, Defendant violated §§ 1692d, 1692e, 1692e(10), and 1692f of the FDCPA. Plaintiffs failed to develop their argument in the original briefs and in the supplements. Accordingly, Plaintiffs have waived these claims.

**(2)   Literally False Statements Issue**

Plaintiffs assert that Defendant made literally false statements in the debt collection

letters in violation of §§ 1692d, 1692e, 1692e(2)(A), 1692e(10) and 1692f. Specifically, Plaintiffs claim that the following four statements made by Defendant are literally false:

> 1) IF YOU DISPUTE THIS DEBT, or any portion thereof, you must notify this office in writing of that fact within 30 days of this letter.
>
> 2) This debt will be assumed to be valid under the law unless you so dispute the debt.
>
> 3) To avoid the penalties and consequences stated herein you must contact the law office of Edward R. Hall to discuss your outstanding balance.
>
> 4) IF YOU WANT TO RESOLVE THIS MATTER WITHOUT A LAWSUIT, now is the time for action. To do so you must pay the following amounts: (1) the full amount of the check plus, (2) a $20.00 returned check fee, and (3) attorney fees of $300.00.

(DE 22 at 19–20.)

In its previous Opinion and Order, the Court determined that Plaintiffs failed to provide the Court with specific and detailed explanation why these statements violate the FDCPA. The Court advised Plaintiffs that, if they wished to pursue this claim, they would need to provide the Court with a detailed memorandum on the literally false statements issue. Plaintiffs filed their supplemental brief on the literally false statements on May 29, 2009 [DE 64].

In their supplemental brief, Plaintiffs request judgment against Defendant for violations of §§ 1692e, 1692e(10), 1692f, and 1692g. Plaintiffs claim that Defendant violated § 1692g(a)(3) and (c) in relation to the literally false statements for the first time in their supplemental brief, and since this is outside the issues on which the Court allowed further briefing, the Court will not consider any arguments pertaining to a violation of § 1692g(a)(3) and (c). Plaintiffs do not mention their claims against Defendant for violations of §§ 1692d and 1692e(2)(A), and accordingly, these claims are waived. Therefore, Plaintiffs' claims pertaining to §§ 1692e,

8

1692e(10), and 1692f are left to the Court's consideration.

The Court of Appeals for the Seventh Circuit has compared literally false statements in a debt collection letter to that of prohibition against literally false statements in trademark cases. *See Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). Therefore, a finding that the statement was literally true but potentially deceptive is not enough to find a violation of the FDCPA: some evidence of actual deception must exist. *Id.* at 227; *Francisco v. Doctors & Merchants Credit Serv.*,

Title 15 U.S.C. § 1692e provides that "a debt collector may not use any false, misleading, or deceptive representation or means in connection with the collection of any debt." Subsection (10) further prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Title 15 U.S.C. § 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

Plaintiffs first contend that the letter's statement that the debt would be assumed to be valid under the law if not disputed violates 15 U.S.C. § 1692e. In support of this argument, Plaintiffs point to *Smith v. Hecker*, 2005 U.S. Dist. LEXIS 6598 (E.D. Penn. 2005). However, in *Smith*, the court explicitly stated it would not consider the plaintiff's arguments that the defendant violated § 1692e, so this case has no bearing on Plaintiffs' argument. Plaintiffs only further support of their argument that Defendant violated § 1692e is to argue that Defendant's statement that an undisputed debt would be considered valid under the law was false:

> "The statement by Defendant is clearly false. The alleged debt is not valid under the law if a consumer does not dispute in writing. The consumer always has the right to dispute or defend themselves in a court of law. They even have the right to make a dispute on their credit bureau report."

9

(DE 64 at 3).

Plaintiffs have failed to develop this argument. Likewise, aside from citing to *Smith*, a case that sheds no light on whether Defendant violated § 1692e, Plaintiffs provide no legal authority, statutory, case law, or otherwise, to support this proposition. Plaintiffs' motion for summary judgment is denied as to the issue of the "under the law" statement.

Plaintiffs next contend that Defendant's statement, "[t]o avoid the penalties and consequences stated herein you must contact the law office of Edward R. Hall to discuss your outstanding balance," violates 15 U.S.C. §§ 1692e and 1692e(10). In support of this contention, Plaintiffs argue that Defendant's statement was completely untrue:

> There are no penalties and consequences contained in the letter that can be imposed by [Defendant] on a consumer regarding the receipt and dispute or non-dispute of the alleged debt. The consumer always has a right to dispute in other venues such as by a court of law. The statement made by Mr. Hall is mandatory. It contains the word "must." As such, it is a false representation made by [Defendant] in an attempt to collect on an alleged debt.

(DE 64 at 3–4). Once again, Plaintiffs have failed to provide sufficient case law to support their contention that this statement was literally false, and their unfounded assertions are insufficient to warrant awarding summary judgment in their favor. Plaintiffs motion for summary judgment is denied as to the issue of the "penalties and consequences" statement.

Finally, Plaintiffs contend that Defendant's statement, "[i]f you want to resolve this matter without a lawsuit, now is the time for action. To do so you must pay the following amounts: (1) the full amount of the check plus, (2) a $20 returned check fee, and (3) attorney fees of $300," is a literally false statement in violation of § 1692e and § 1692f.

Plaintiffs argue that Defendant's statements are literally false because they leave the impression that if Plaintiffs did not dispute the debt in writing, they would need to make

10

arrangements to pay Defendant their outstanding balance plus a returned check fee and attorneys fees. They argue that this statement is false because "a consumer would have the right to dispute the debt through the [c]ourt process or possibly through another venue. Nonetheless, Hall's letter language provides an impression that the consumer's legal right to dispute by law is negated." (DE 64 at 4). Plaintiffs contend that "[a]s a whole, when these statements are combined . . . the statements are false representations which violate 15 U.S.C. § 1692e. Plaintiffs contend that the combined statements violate 15 U.S.C. § 1692f, as they amount to an unfair means to collect an alleged debt." (*Id.*). Plaintiffs do not elaborate on precisely how Defendant violated these statutes, nor do they provide legal or factual support for their argument. Plaintiffs motion for summary judgment is denied as to the issue of Defendant's statement requiring Plaintiffs to pay certain amounts.

**D.     Conclusion**

For the foregoing reasons, as to the remaining issues in this case, Plaintiffs' Motion for Summary Judgment [DE 21] is DENIED in part and GRANTED in part, and Defendant's Cross-Motion for Summary Judgment is DENIED. Plaintiffs' Motion for Summary Judgment is granted as to their claim that Defendant violated § 1692g(a)(3) of the FDCPA, and Defendant's Cross-Motion for Summary Judgment is denied as to this issue. Plaintiffs' Motion for Summary Judgment is denied as to Plaintiffs' claims that Defendant violated §§ 1692d, 1692e, 1692e(10), and 1692f of the FDCPA by requiring Plaintiffs to dispute their debts in writing. Plaintiffs' Motion for Summary Judgment is also denied as to the literally false statements issues.

SO ORDERED on September 9, 2010.

                                                      s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE